IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. CORRINE ANNE YELLOW OWL, Defendant. | CR-08-37-DLC-RKS<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
|---|---|

## I. Synopsis

Ms. Yellow Owl was accused of violating the conditions of her supervised release. She admitted to the violation. Her supervised release should be revoked and she should be ordered to serve 12 months in custody, with no additional supervised release.

## II. Status

Ms. Yellow Owl pled guilty to Assault with a Deadly Weapon in 2008. CD 40. The offense consisted of Ms. Yellow Owl stabbing a victim in the forearm.

1

CD 38. Ms. Yellow Owl was sentenced in 2009 to 32 months incarceration, with three years supervised release to follow. CD 43. Ms. Yellow Owl's supervised release was revoked in 2012 because she violated the conditions by consuming alcohol and unauthorized prescription medications. CD 55. She was ordered to serve nine months in custody, with 27 months supervised release to follow. CD 55. Ms. Yellow Owl began her current term of supervised release on February 28, 2013. CD 57.

**Petition**

The United States Probation Office filed a petition on June 10, 2013, asking the court to revoke Ms. Yellow Owl's supervised release. CD 57. The petition alleged that Ms. Yellow Owl violated Special Condition #5 of her supervised release by consuming alcohol on three occasions. It alleged her Blood Alcohol Concentration measured .314 on June 27, 2013, measured .194 on July 2, 2013, and .398 on July 7, 2013. Based on the petition, the undersigned issued a warrant for Ms. Yellow Owl's arrest. CD 58.

**Initial Appearance**

Ms. Yellow Owl was arrested on July 20, 2013. CD 59. She made an initial appearance before the undersigned on July 25. CD 60. Ms. Yellow Owl was accompanied by Federal Defendant Anthony Gallagher, but Federal Defender

Evangelo Arvanetes was appointed to represent her in subsequent proceedings. Assistant United States Attorney Carl Rostad represented the United States.

Ms. Yellow Owl said she had read the petition and understood the accusations. She waived her right to a preliminary hearing. Mr. Rostad stated that Ms. Yellow Owl could be ordered to serve up to 24 months in prison if her supervised release is revoked. Mr. Gallagher agreed.

The undersigned explained the Findings and Recommendations procedure. Ms. Yellow Owl was advised that the undersigned would hold a revocation hearing and recommend a disposition to the United States District Judge presiding over her case, the Hon. Dana L. Christensen. She was advised that she has a right to object to the recommendation and to appear and allocute before Judge Christensen.

A revocation hearing was scheduled for August 6 in Great Falls, Montana. Ms. Yellow Owl was ordered detained pending the hearing.

**Revocation hearing**

Ms. Yellow Owl appeared at the revocation hearing with her attorney, Mr. Arvanetes. Assistant United States Attorney Jessica Betley represented the United States. The undersigned reminded Ms. Yellow Owl of her right to object to whatever recommendation was made to Judge Christensen, and of her right to allocute to Judge Christensen if she properly objected.

Ms. Yellow Owl admitted violating the conditions of her supervised release by consuming alcohol, but made no admission regarding criminal allegations mentioned in the narrative portion of the petition. Ms. Betley said the alcohol consumption was the government's only basis for seeking revocation; references to pending criminal charges were included only for context.

The undersigned believes Ms. Yellow Owl's admission adequately establishes a violation of the conditions, and that the violation requires revocation. Ms. Yellow Owl's underlying offense is a Class C felony, her criminal history category is I, and her violation is Grade C. She could be ordered to serve as much as 24 months in custody, and the United States Sentencing Guidelines call for three to nine months in custody. Up to 27 months supervised release could be imposed (less any custodial time imposed). Mr. Arvanetes and Ms. Betley agreed with those calculations.

Mr. Arvanetes requested a sanction of 11 to 12 months incarceration, but no more supervised release. He argued that supervised release has not been effective for Ms. Yellow Owl, and that custodial time in excess of the guideline range is a better alternative. Mr. Arvanetes acknowledged that Ms. Yellow Owl's underlying offense was alcohol related.

Ms. Yellow Owl addressed the court. She said that she had made a mistake

because she is an alcoholic.  She acknowledged her responsibility for the violation, and said she understands she needs to get sober.

Ms. Betley agreed that supervised release is not productive in Ms. Yellow Owl's case, and recommended a sanction of 12 months incarceration with no additional supervised release.

### III. Analysis

Ms. Yellow Owl's supervised release should be revoked.  She admitted to violating a condition by consuming alcohol, and did so on at least three occasions in extreme fashion.  She has previously had her supervised release revoked, so she was on notice of the potential sanction for violating conditions.

She should be sentenced to 12 months in custody, with no supervised release to follow.  An upward departure from the guideline range is appropriate because Ms. Yellow Owl has already been revoked once before.  She has a history of alcohol related infractions, including the underlying offense and her previous revocation.  In this instance, she consumed an extraordinary amount of alcohol on at least three occasions in a short period.  The serious sanction is also appropriate because no additional supervised release is recommended.

Ms. Yellow Owl and the United States both requested a sanction without supervised release, and their requests should be granted.  The undersigned has

serious concerns about Ms. Yellow Owl's well-being; her BAC was measured at potentially fatal levels. However, supervised release has not discouraged her alcohol consumption, and does not appear to benefit either Ms. Yellow Owl or the community in this case. Continued supervision would be a poor use of resources.

## IV. Conclusion

Ms. Yellow Owl was advised that the above sentence would be recommended to Judge Christensen. She was reminded of her right to object to the recommendation within 14 days of its issuance. She was also reminded of her right to allocute before Judge Christensen, so long as she properly objects to this recommendation.

The court FINDS:

1. Ms. Yellow Owl violated Special Condition #5 of her supervised release by consuming alcohol on June 27, July 2, and July 7 of 2013.

The court RECOMMENDS:

1. The District Court should enter the attached Judgment, revoking Ms. Yellow Owl's supervised release and committing her to the custody of the United States Bureau of Prisons for 12 months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 7th day of August, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge